UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER MUSIC GROUP CORP. | : |
| | : |
| v. | : |
| | : Case No.:  13-cv-8472-JGK |
| SCORPIO MUSIC, INC. and | : |
| STEVEN S. PARELMAN | : |

**DEFENDNANTS SCORPIO MUSIC, INC. AND STEVEN S. PARELMAN
ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendants Scorpio Music, Inc. and Steven S. Parelman, by and through their counsel Joseph M. Marrone, Esquire, hereby Answer and assert Affirmative Defenses to the Plaintiff's First Amended Complaint as follows:

1. Admitted in part denied in part.  It is admitted that this is a suit for alleged copyright infringement under the Copyright Act, Title 12 of the U.S. Code, as well as alleged copyright infringement and unfair competition under New York state law.  The corresponding paragraph contains conclusions of law to which no responsive pleading is required.  To the extent any response is required, the conclusions are denied.  The remainder of the allegations contained in the corresponding paragraph are specifically denied.  Furthermore, it is specifically denied that Answering Defendants have willfully violated the Plaintiff's copyrights in sound recordings.  It is specifically denied that that the Answering Defendants purchased counterfeit albums from a "well-known music counterfeiter," and/or offered for sale and/or actively distributed unauthorized and illegitimate albums which are owned and/or exclusively licensed by the Plaintiff, and strict proof to the contrary is demanded at the time of trial.

2. Denied. Answering Defendants are without knowledge or information sufficient to form a belief about the allegation set forth in the corresponding paragraph, and, therefore, the allegation is denied.

3. Admitted in part denied in part. It is admitted Defendant Scorpio Music, Inc. ("Scorpio") is a corporation duly organized and existing under the laws of the state of New Jersey, with its principal place of business in Trenton, New Jersey. The corresponding paragraph is a conclusion of law to which no responsive pleading is required. To the extent any response is required, the conclusion is denied. Furthermore, it is specifically denied that "Scorpio is engaged in the business of distributing infringing phonorecords within this District and throughout the United States" and strict proof to the contrary is demanded at the time of trial.

4. Admitted in part denied in part. It is admitted Defendant Steven S. Parelman is employed by Scorpio as its general manager and that, within the course and scope of his employment with Scorpio, Mr. Parelman uses the email address scorpiomus@aol.com. The corresponding paragraph contains conclusions of law to which no responsive pleading is required. To the extent any response is required, the conclusions are denied. It is specifically denied that Scorpio participates in any all alleged infringing activity and/or illegal conduct. Furthermore, it is specifically denied that Mr. Parelman personally makes decisions, participates in, directs, exercises control over, and/or benefits from any alleged infringing activity and/or illegal conduct. It is specifically denied that Mr. Parelman "goes by the email address scorpiomus@aol.com." Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

5. Admitted.

6.      Admitted in part denied in part. The corresponding paragraph contains conclusions of law to which no responsive pleading is required. To the extent any response is required, the conclusions are denied. It is denied that the Defendants participate in systematic and continuous business in New York, and have performed acts directly aimed at and causing harm in New York. Furthermore, it is denied that Defendants have committed infringing conduct that has caused and continues to cause Plaintiff injury in New York. It is specifically denied that Defendant Parelman derives substantial revenue from interstate commerce.

7.      Admitted.

8-9.    Answering Defendants are without knowledge or information sufficient to form a belief about truth or falsity of the allegations in corresponding paragraphs and, therefore, the allegations are denied.

10.     Answering Defendants are without knowledge or information sufficient to form a belief about truth or falsity of the allegations in corresponding paragraphs and, therefore, the allegations are denied. It is denied that the Plaintiff has adequately defined the terms "Pre-1972 Works," "Master Recordings," "Copyrighted Recordings," and "Recordings" for the Defendants to fully respond to the allegations contained in the remaining paragraphs of the Plaintiff's First Amended Complaint.

11.     Admitted in part denied in part. It is denied that the Plaintiff has adequately defined the term "Recordings" for the Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint. The corresponding paragraph contains conclusions of law to which no responsive pleading is required. To the extent any response is required, the conclusions are denied. It is specifically denied that Defendants have offered for sale and distributed unauthorized and/or illegal copies of Warner's

Recordings. Furthermore, it is specifically denied that the Defendants continued to sell the Black Sabbath sound recordings, the titles of which are identified on the Exhibits to the Plaintiff's First Amended Complaint, after being advised by Warner representatives that they believed these may be counterfeit recordings. It is admitted that Defendants continue purchase Warner's copyrighted sound recordings from Warner and that the Defendants continue to sell the same. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

      12-13.    Denied. The corresponding paragraphs contain conclusions of law to which no responsive pleading is required. To the extent any response is required, the conclusions are denied. By way of further response, answering Defendants are without knowledge or information sufficient to form a belief about truth or falsity of the allegations in corresponding paragraphs and, therefore, the allegations are denied. Furthermore, it is denied that the Plaintiff has adequately defined the term "Recordings" for the Defendants to fully respond to the allegations contained in the corresponding paragraphs of the Plaintiff's First Amended Complaint.

      14.    Denied. It is specifically denied that offerings on Scorpio's distribution list catalog "appear to be unauthorized." By way of further response, the albums by the artists identified in the corresponding paragraph, if offer for Distribution by Scorpio, were purchased directly from Warner and/or their affiliated entities. Answering Defendants are without knowledge or information sufficient to form a belief about truth or falsity of the remaining allegations in corresponding paragraphs and, therefore, the allegations are denied.

      15.    Denied. The corresponding paragraphs contain conclusions of law to which no responsive pleading is required. To the extent any response is required, the conclusions are

denied.  By way of further response, it is denied that Scorpio has been sued for infringement in the past and that Scorpio has been held liable for alleged illegal activities.  It is denied that Scorpio Music Distributors, Inc. is an entity related to Scorpio.  Thus, it is specifically denied that Scorpio was and is well aware of the alleged risks of sourcing the albums distributed from Lamonte.  Answering Defendants are without knowledge or information sufficient to form a belief about truth or falsity of the remaining allegations in corresponding paragraphs and, therefore, the allegations are denied.

16.     Denied as stated.  It is denied that the Plaintiff has adequately defined the term "Recordings" for the Defendants to fully respond to the allegations contained in the corresponding paragraphs of the Plaintiff's First Amended Complaint.  On or about August 29, 2013, counsel for Warner wrote to Scorpio and demand that they cease and desist distributing alleged counterfeit copies of Warner albums.  Scorpio's employees responded by email and identified John Lamonte and his company, Creative Sounds, Inc., as the source of the alleged counterfeit copies of the certain Black Sabbath recordings.  Upon receipt of the Warner's request Scorpio ceased distribution of the alleged "illegal copies of Warner's Recordings."

17.     Denied as stated.  Scorpio has attempted to cooperate with Warner and advised of all albums purchased from Creative Sounds and its owner, John Lamonte.  By way of further response, Defendants have provided documentation of the legitimacy of multiple other albums which the Plaintiff has indicated that it believes are questionable and the Defendants have even offered to provide samples as proof of the same.

18.     The corresponding paragraphs contain conclusions of law to which no responsive pleading is required.  To the extent any response is required, the conclusions are denied.  By way of further response, answering Defendants are without knowledge or information sufficient to

form a belief about truth or falsity of the allegations in corresponding paragraphs and, therefore, the allegations are denied.

19. Denied. The corresponding paragraphs contain conclusions of law to which no responsive pleading is required. To the extent any response is required, the conclusions are denied. By way of further response, it is denied that the Plaintiff has adequately defined the term "Recordings" for the Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint. It is denied that the injunction against Creative Sounds and Lamonte is common knowledge in the record industry, including among wholesale distributors and retailers. It is denied that Scorpio has participated in infringing conduct. It is denied that Scorpio routinely purchased albums Lamonte and/or Creative Sounds and offered these albums for sale through its distribution channels.

20. Answering Defendants are without knowledge or information sufficient to form a belief about truth or falsity of the allegations in corresponding paragraphs and, therefore, the allegations are denied.

21. Denied. It is denied that Warner has attempted to resolve the issues with Defendants described in their Complaint without litigation. Defendants have and are willing to resolve this matter with Warner yet the instant litigation was commenced by Warner. In fact the Plaintiff, in bad faith, has ceased selling its recordings to Scorpio.

22. Denied as stated. Warner has identified certain Black Sabbath albums as alleged counterfeit recordings. These albums were purchased by the Defendants from Creative Sounds. Upon receipt of notification from Warner, Scorpio identified all albums purchased from Lamonte and Creative Sounds and ceased distribution of the same. It is denied that Defendants have refused to discuss the matter further with Warner.

23.     Denied.  It is denied that that Defendants have refused to discuss the matter further with Warner.  Thus, it is also denied that Defendants are forestalling Warner from taking any further action to halt the distribution of alleged infringing albums.

## FIRST CAUSE OF ACTION

24.     The corresponding paragraph is an incorporation clause to which no response is necessary.

25.     Denied.  It is denied that the Plaintiff has adequately defined the term "Copyrighted Recordings" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint.  It is denied that Defendants have engaged in the business of unauthorized distribution of copies of Plaintiff's copyrighted sound recordings.  It is further denied that Defendants have advertised, marketed, distributed, sold, and/or offered for sale unauthorized recordings.  Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

26.     The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary.  To the extent any response is required, the conclusions are denied.

27.     Denied. It is denied that the Plaintiff has adequately defined the term "Copyrighted Recordings" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint.  By way of further response, the corresponding paragraph contains conclusions of law to which no responsive pleading is necessary.  To the extent any response is required, the conclusions are denied.

28.     The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary.  To the extent any response is required, the conclusions are denied.  By

way of further response, it is specifically denied that Defendants have committed acts of infringement which have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of Plaintiff. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

29. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

30. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

31. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

WHEREFORE, Defendants, Scorpio Music, Inc. and Steven S. Parelman, demand judgment in their favor with costs.

## SECOND CAUSE OF ACTION

32. The corresponding paragraph is an incorporation clause to which no response is necessary

33. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. By way of further response, it is specifically denied that Defendants had the right and ability to supervise or control the alleged infringing activities. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

34. Denied. It is denied that the Defendants participated in and/or received financial benefits from the alleged infringements. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

35. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

36. Denied. It is denied that the Plaintiff has adequately defined the term "Copyrighted Recordings" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

37. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. By way of further response, it is specifically denied that Defendants have committed acts of infringement which have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of Plaintiff. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

38. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

39. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

40. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

WHEREFORE, Defendants, Scorpio Music, Inc. and Steven S. Parelman, demand judgment in their favor with costs.

### THIRD CAUSE OF ACTION

41. The corresponding paragraph is an incorporation clause to which no response is necessary

42. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. By way of further response, it is specifically denied that Defendants authorized the alleged infringements, and had knowledge of such alleged infringing activity and induced, caused, or materially contributed to such activity. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

43. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

44. Denied. It is denied that the Plaintiff has adequately defined the term "Copyrighted Recordings" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

45. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. By way of further response, it is specifically denied that Defendants have committed acts of

infringement which have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of Plaintiff.  Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

      46.     The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary.  To the extent any response is required, the conclusions are denied.

      47.     The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary.  To the extent any response is required, the conclusions are denied.

      48.     The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary.  To the extent any response is required, the conclusions are denied.

WHEREFORE, Defendants, Scorpio Music, Inc. and Steven S. Parelman, demand judgment in their favor with costs.

## FOURTH CAUSE OF ACTION

      49.     The corresponding paragraph is an incorporation clause to which no response is necessary

      50.     Denied. It is denied that the Plaintiff has adequately defined the term "Pre-1972 Works" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint.  The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary.  To the extent any response is required, the conclusions are denied.

      51.     Denied.  It is denied that the Plaintiff has adequately defined the terms "Pre-1972 Works" and "Master Recordings" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint.  The corresponding

paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. It is specifically denied that Defendants have participated in the unauthorized distribution, sale, and/or offer for sale of the Pre-1972 Works, including but not limited to the Master Recordings and strict proof of the same is demanded at the time of trial.

52. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. It is specifically denied that Defendants have committed willful and/or reckless copyright infringement and that the Plaintiff is entitled to compensatory damages and/or punitive damages. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

53. The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

WHEREFORE, Defendants, Scorpio Music, Inc. and Steven S. Parelman, demand judgment in their favor with costs.

### FIFTH CAUSE OF ACTION

54. The corresponding paragraph is an incorporation clause to which no response is necessary

55. Denied. It is denied that the Plaintiff has adequately defined the term "Pre-1972 Works" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint. By way of further response, answering Defendants are without knowledge or information sufficient to form a belief about truth or falsity

of the allegations in corresponding paragraphs and, therefore, the allegations are denied. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

56.     Denied. It is denied that the Plaintiff has adequately defined the terms "Pre-1972 Works" and "Master Recordings" for Defendants to fully respond to the allegations contained in the corresponding paragraph of the Plaintiff's First Amended Complaint. By way of further response, the corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. It is specifically denied that Defendants are violating Plaintiffs rights in the Pre-1972 Works and are guilty of unfair competition under the common law of the State of New York. It is denied that the Defendants are distributing, selling, and/or offering for sale unauthorized copies of the Pre-1972 Works, and that the Defendants take advantage of and undermine Plaintiffs substantial creative and financial investment in the Pre-192 Works. It is denied that Defendants are willfully, recklessly, and unfairly appropriating Plaintiffs rights in the Pre-192 Works for their own commercial benefit. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

57.     The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied. It is specifically denied that Defendants have committed and/or participated in unlawful conduct and that the Plaintiff is entitled to compensatory damages and/or punitive damages. Strict proof of the allegations set forth in the corresponding paragraph is demanded at the time of trial.

58.     The corresponding paragraph contains conclusions of law to which no responsive pleading is necessary. To the extent any response is required, the conclusions are denied.

WHEREFORE, Defendants, Scorpio Music, Inc. and Steven S. Parelman, demand judgment in their favor with costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred and/or limited by the applicable Statute(s) of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by duress.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by payment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by release.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the statute of frauds.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by illegality.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by license.

WHEREFORE, Defendants, Scorpio Music, Inc. and Steven S. Parelman, demand judgment in their favor with costs.

Respectfully submitted,

Date: 12/23/2013             By:    *s/ Joseph M. Marrone*
                                    Joseph M. Marrone, Esquire
                                    MARRONE LAW FIRM, LLC
                                    200 S. Broad Street, Suite 400
                                    Philadelphia, PA 19102
                                    (215) 732-6700 – Tel
                                    (215) 732-7660 – Fax
                                    jmarrone@marronelawfirm.com

                                    *Attorney for Defendants*
                                    *Scorpio Music, Inc. and Steven S. Parelman*

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Defendants, Scorpio Music, Inc. and Steven S. Parelman's, Answer with Affirmative Defenses to Plaintiff's First Amended Complaint was served by electronic means on counsel to all parties.

Date: 12/23/2013        By:   *s/ Joseph M. Marrone*
                                               Joseph M. Marrone, Esquire
                                               MARRONE LAW FIRM, LLC
                                               200 S. Broad Street, Suite 400
                                               Philadelphia, PA 19102
                                               (215) 732-6700 – Tel
                                               (215) 732-7660 – Fax
                                               jmarrone@marronelawfirm.com

                                               *Attorney for Defendants*
                                               *Scorpio Music, Inc. and Steven S. Parelman*